**NEELY PETRY-BLANCHARD**                                                      **PETITIONER**

**v.**                                                      **CIVIL ACTION NO. 4:20-CV-P49-JHM**

**MIKE LOUIS** *et al.*                                                      **RESPONDENTS**

### MEMORANDUM OPINION

This matter is before the Court on a 28 U.S.C. § 2241 petition and amended petition filed

by John Anthony Gentry on behalf of Petitioner Neely Petry-Blanchard[1] (DNs 1 & 7).  This

matter is before the Court on preliminary review pursuant to Rule 4 of the Rules Governing

Section 2254 Cases to determine whether "it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court."[2]  Under Rule 4, if the

petitioner is not entitled to relief, the petition must be summarily dismissed.  For the reasons that

follow, the Court will summarily dismiss the § 2241 petition and amended petition.

### I.

On March 27, 2020, Gentry filed the habeas petition that initiated this action as well as an

"Emergency Motion for Habeas Hearing" (DN 6).  Three days later, Gentry filed an amended

petition and a "Second Emergency Motion for Emergency Habeas Hearing" (DN 8).  In the

petition and amended petition, Gentry states that Petitioner has been wrongfully charged by the

State of Kentucky with felony kidnapping and interfering with custodial rights.  He states that the

criminal statutes upon which Petitioner's charges are based are unconstitutional.  He further

argues that Petitioner's due process rights have been violated by her arrest and detention because

she was arrested on a facially invalid warrant and because a biological mother cannot be charged

---

[1] In the amended petition, Gentry states that Petitioner's last name is actually spelled "Petrie-Blanchard."
[2] Rule 4 applies to § 2241 petitions pursuant to Rule 1(b) of the Rules Governing § 2254 cases.

with kidnapping.  Gentry also argues that the State has set excessive bail for Petitioner, especially in light of the "COVID-19 pandemic."  Finally, Gentry alleges that Petitioner's arrest arose over a family dispute between Petitioner and her mother regarding who had legal custody of Petitioner's children.  He then sets forth in great detail the multi-year, multi-state custody issues Petitioner has had regarding her children.

In his second motion for an emergency habeas hearing, Gentry states that Petitioner just participated in an arraignment hearing via teleconference.  He indicates that Petitioner was appointed a public defender to represent her at this hearing but that she was unable to consult with him/her prior to the hearing and that she should have been allowed to seek counsel of her choice.  Thus, Gentry argues, Petitioner is being held without proper legal representation.

As relief, Gentry seeks, among other things, an order directing Respondents to "set aside" the charges against Petitioner and immediately release her from custody, or in the alternative, an order that Petitioner be provided a bail hearing and reduced bail.

## II.

The Court first turns to whether Gentry has standing to file a § 2241 petition on Petitioner's behalf.  A petition for a writ of habeas corpus must be in writing and "signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242.  In *Whitmore v. Arkansas*, the Supreme Court set forth what a putative next friend must demonstrate in order to act on a prisoner's behalf:

> Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing.  First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action.  Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

495 U.S. 149, 163-64 (1990) (citations omitted); *see also West v. Bell*, 242 F.3d 338, 341

(6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998). Under this standard, the

putative next friend must clearly establish "the propriety of his status" in order to "justify the

jurisdiction of the courts." *Whitmore*, 495 U.S. at 164. Standing to proceed as next friend on

behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an

action on behalf of another." *Id*. at 163.

Gentry presents an affidavit setting forth the reasons he should be granted next-friend

status. In his affidavit, he avers as follows:

> I am well-educated having completed a Bachelor of Science Degree in only two and one-half years at the University of Maryland, College Park, graduating *cum laude*. I am a Certified Public Accountant, presently employed as a financial analyst . . . .
>
> Presently, I am also a candidate for state senate [in Tennessee] . . . .
>
> I have extensively studied The Constitution of the United States, various state constitutions, various Federalist Papers, as well as local, state, and federal court rules of procedure, Tenn. State and federal House and Senate Journals, and various literary works pertaining to judicial and legislative proceedings.
>
> Many persons, including legal professionals and elected officials consider me knowledgeable in matters of constitutionally guaranteed rights and judicial and attorney misconduct. In the words of a member of the Tennessee House of Representatives, regarding knowledge of the Tennessee Constitution; John Gentry knows more about the constitution "than any ten of us" (members of the Tennessee House of Representatives).
>
> . . . .
>
> Very obviously, [Petitioner] is incarcerated and does not have access to prepare, and or file on her own behalf, a Petition for Writ of Habeas Corpus. To the best of my knowledge, [Petitioner] cannot afford representation by a licensed attorney. It is my further strong belief, based upon the circumstances giving rise to the Habeas Petition, that even if [Petitioner] could afford representation by a licensed attorney, such representation by a licensed attorney would not be adequate or in her best interest.
>
> . . . .

I have known [Petitioner] for several years; she has visited me in my home on several occasions, we have celebrated her last two birthdays together, and in 2018 I observed the Thanksgiving Holiday with [Petitioner] and her extended family . . . Over the last several years, [Petitioner] and I have become close friends.

. . . .

It is because of our friendship, comradery, and especially because of the atrocities and injustice that [Petitioner] has suffered, that my heart goes out to her and her family and I am truly dedicated to the best interests of [Petitioner] as well as the best interests of her daughters, and mother [].

Indeed, not only am I dedicated to the best interest of the Blanchard family, but I am also dedicated to legal system reform since the atrocities and injustice that [Petitioner] have suffered are not unique to her . . . . In my efforts at legal system reform, I have taken two cases to the Supreme Court of the United States; Case No. 17-1479 and 18-170. I have also filed the first Petition of Remonstrance since the year 1850, received and recorded into the journals of both houses of the Tennessee General Assembly.

(DN 7-1, pp. 15-21, Ex. E, Gentry Aff.). In his affidavit, Gentry further avers that, despite news reports to the contrary, Petitioner has never been diagnosed with a mental illness and does not claim to be a sovereign citizen. *Id*.

In the petition, amended petition, and his affidavit, Gentry makes clear that he should be granted next-friend status under the first prong of the *Whitmore* test because Petitioner is "inaccessible" due to her incarceration. However, courts have regularly held that the fact of incarceration itself is insufficient to show that a petitioner is inaccessible under *Whitmore*. *See, e.g.*, *Washington v. Neil*, No. 1:18-cv-00589, 2019 U.S. Dist. LEXIS 167924, at *5-7 (S.D. Ohio Sept. 30, 2019) (holding that pretrial detainee's father failed to show that his son was inaccessible under *Whitmore* despite father's allegations that his son had "no knowledge of the law, cannot appear and file the petition on his own behalf"); *Avent v. D.C.*, No. 08-0020 (JR), 2009 U.S. Dist. LEXIS 11674, at *3 (D.D.C. Feb. 13, 2009) (finding mother had failed to show

that son was inaccessible just because he was incarcerated because "prisoners can, and do, bring civil suits all the time").[3]

In light of the jurisprudence, the Court finds that Gentry has failed to show that Petitioner is inaccessible solely because she is incarcerated. Gentry, therefore, is not eligible for next-friend standing. As such, the Court need not consider *Whitmore*'s second prong, *i.e.*, whether Gentry has established that he is "truly is dedicated to the best interests of [Petitioner]."

## III.

Moreover, even if Gentry was authorized to file suit as Petitioner's next friend, this action would still be subject to dismissal. A petitioner may bring a § 2241 habeas action in federal court to demand enforcement of the state's affirmative constitutional obligation to bring her promptly to trial, but may not generally seek habeas relief to forestall state prosecution altogether. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-91 (1973); *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993). The Sixth Circuit Court of Appeals has held that there are three exceptions to the prohibition against a federal court's consideration of a pretrial § 2241 habeas petition. The exceptions are: (1) when a petitioner seeks a speedy trial, *Atkins v. Michigan*, 644 F.2d 543, 546-47 (6th Cir. 1981); (2) when a petitioner seeks to avoid a

---

[3] Similarly, in *Evans v. McNeil*, No. 3:06-cv-379, 2008 U.S. Dist. LEXIS 124885, at *26-28 (N.D. Fla. May 12, 2008), the court held as follows:

> [W]hile the court considers that Petitioner's father met the second prong of the test outlined in *Whitmore*, the assertions in his father's motion to proceed as 'next friend' fail to demonstrate that Petitioner was unable to proceed either himself or through legal counsel. Petitioner's father alleged that Petitioner was incarcerated at the county jail, and pursuant to jail policy, inmates who were not represented by legal counsel were permitted to conduct legal research only by submitting a form to jail staff requesting specific information about legal matters they wished to research, and jail staff would then research the request but not in a timely manner. Petitioner's father argued that the jail's system of research denied Petitioner access to the courts. The circumstances alleged by Petitioner's father are distinguishable from those cases where courts have granted 'next friend' standing and fall far short of demonstrating that Petitioner was unable to appear on his own behalf or through legal counsel.

second trial on the grounds of double jeopardy, *see Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989). None of these exceptions is present here.

And even if the Court could consider Petitioner's claims, the petition and amended petition fail to demonstrate the exhaustion of available state-court remedies. The Sixth Circuit has held that although § 2241 "establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d at 546; *see also Bronston v. Sabbatine*, No. 93-5648, 1993 U.S. App. LEXIS 29970 (6th Cir. Nov. 16, 1993) (dismissing § 2241 petition because petitioner had not exhausted his state court remedies prior to filing the petition); *Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2d Cir. 1983) ("[T]he writ of habeas corpus is not a substitute for a regular route of appeal.").

In the amended petition, Gentry argues that there is "an absolute absence of available state corrective process" because "Kentucky courts have not implemented email filing" during the COVID-19 pandemic as this district court has. This argument is without merit.[4] On March 26, 2020, Kentucky Supreme Court Chief Justice John D. Minton entered an Amended Order regarding the Kentucky Court of Justice's Response to the COVID-19 emergency. *See* Ky. Am. Order 2020-13. The Order states that all civil and criminal dockets shall be canceled through Friday, April 24, 2020, with the exception of "emergency and time-sensitive matters," such as

---

[4] Gentry also argues that there is no "state corrective process" available in Kentucky "due to the incontrovertible fact that the Commonwealth of Kentucky is no longer republican in form." This argument is without merit as well as frivolous.

"in-custody arraignments, in-custody preliminary hearings under RCR 3.10, [and] in-custody bond motions." *Id.* The Order also provides an exception for any matter that "a judge determines in his or her discretion . . . requires prompt attention." Notably, nothing in the Order precludes *pro se* litigants or attorneys from filing documents by mail.

Thus, Gentry has failed to show that Petitioner or her counsel cannot file motions in her state-court criminal action, including in the trial court, in an appellate court, or through a properly filed state collateral attack, just as they could prior to the "COVID-19 Pandemic." Moreover, the General Order specifically authorizes judges to hold the types of hearings Gentry seeks on Petitioner's behalf as well as any other hearings they deem necessary. The Court, therefore, concludes that Petitioner has the ability to exhaust state-court remedies before filing a habeas action in this Court and that to rule on the merits of the petition and amended petition at this time would undermine the legitimate interests of federalism by "derail[ing] . . . a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden*, 410 U.S. at 493.

For all of these reasons, the Court will dismiss the instant § 2241 petition and amended petition without prejudice.

## IV.

Before this Court's decision may be appealed, a certificate of appealability (COA) must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.  When, however, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*  In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable or wrong.  Thus, a COA is not warranted.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:   April 1, 2020

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Petitioner
        Respondents
        John Anthony Gentry
4414.011